```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| DIANNA OVERTON, | : | |
| | : | Civil Action No. 09-6299 (MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **ORDER & JUDGMENT** |
| | : | |
| BRIAN SHRAGER, M.D., et al., | : | |
| | : | |
| Defendants. | : | |

**THE COURT** having considered Plaintiff's application to file the Complaint and proceed <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915, and having screened the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e, and finding that dismissal of the Complaint in its entirety is not warranted at this time; and

**THE COURT** further noting that the Complaint raises claims of deliberate refusal on the part of Defendants to provide adequate care for Plaintiff's serious medical conditions, including kidney disease, which if true require expeditious attention, and further noting that Plaintiff has requested injunctive relief in the form of an order compelling medical treatment by defendants who are alleged to be "state actors" under 42 U.S.C. § 1983, including Sandra Braimbridge, M.D.; and

**IT IS THEREFORE** on this    21st    day of December, 2009,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED** pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

**ORDERED** that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of Edna Mahan Correctional Facility for Women; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall serve a courtesy copy of this Order and all other documents filed in this action, by certified mail, return receipt requested, upon the Attorney General of the State of New Jersey and the Warden of Edna Mahan Correctional Facility for Women; and it is further

**ADJUDGED** that all claims against the defendant "University of Medical and Dentistry for New Jersey" are **DISMISSED WITH PREJUDICE,** as Plaintiff has failed to assert any facts suggesting (1) any deficiency in the medical services provided by such defendant, and (2) that such defendant could be considered a "state actor" subject to her request for injunctive relief for future medical care; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon all remaining Defendants, with all costs of service advanced by the United States; and it is further

**ORDERED** that, **WITHIN TEN DAYS OF SERVICE**, and pursuant to 42 U.S.C. § 1997e(g)(2) and Fed.R.Civ.P. 65(a), the Defendants Sandra Braimbridge, M.D., and Correctional Medical Services, Inc., shall respond in writing to this Court addressing the allegations of the Complaint, and shall provide to the Court, **UNDER SEAL**, a copy of all of Plaintiff's medical records in their possession or control, to enable the Court to determine whether to enter a further order to show cause why a preliminary injunction should not be issued directing such Defendants to provide medical care and treatment to Plaintiff; and it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g), Defendant Brian Shrager, M.D., shall file and serve a responsive pleading within the time specified by Fed.R.Civ.P. 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir.

1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel. Plaintiff is advised that such appointment is not automatic; and it is further

**ORDERED** that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

**ORDERED** that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed.R.Civ.P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney and the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's institutional account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from his institutional account, and forward to the Clerk payments equal to 20% of the preceding

month's income credited to Plaintiff's institutional account, with each payment referencing the civil docket number of this action.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge