UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                     :
DIANNA OVERTON,                      :
                                     :
          Plaintiff,                 :    Civil Action No. 09-6299 (MLC)
                                     :
     v.                              :
                                     :
BRIAN SHRAGER, et al.,               :    OPINION AND ORDER GRANTING
                                     :    APPOINTMENT OF PRO BONO
          Defendants.                :    COUNSEL
_____:

      This matter has been opened before the Court upon applications by pro se Plaintiff Diana Overton ("Plaintiff"), proceeding in forma pauperis, to appoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). [Docket Entry Nos. 1, 6]. Plaintiff is presently incarcerated at the Edna Mahan Correctional Facility for Women. Plaintiff complains that Defendants have failed and continue to fail to provide her with proper medical treatment, and Plaintiff is seeking both monetary damages and injunctive relief. [Docket Entry No. 1]. Plaintiff asserts that she needs legal representation to assist her with prosecuting her case, arguing that her claims have merit in fact and law. Plaintiff additionally claims that this is a complex medical case, which will be difficult for her to solely prosecute, the case will require medical experts as well as a substantive factual investigation, including medical examinations. By Order dated, December 23, 2009, the Court ordered that Defendants provide it with Plaintiff's medical records. [Docket Entry No. 2]. At this time, however, it does not appear that Defendants have provided the Court or Plaintiff with the medical records as required. [Docket Entry No. 7]. Moreover, it appears that some Defendants have not yet been served. [Docket Entry No. 8].

      In Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994),

the Third Circuit found that 28 U.S.C. § 1915(e)(1) grants courts discretion to appoint counsel to indigent litigants in civil cases.  Before granting appointment, however, the court must weigh various considerations.  As a threshold matter, a court must first determine if the claim has merit in fact and law.  Id. at 155.  If a court finds that the claim has merit in fact and law, it must consider:

> 1. the pro se party's ability to present his or her case;
> 2. the complexity of the legal issues;
> 3. the degree to which factual investigation will be necessary and the pro se party's ability to pursue such investigation;
> 4. the likelihood that the case will turn on credibility determinations;
> 5. whether the case will require the testimony of expert witnesses;
> 6. whether the pro se party can obtain and afford counsel on his or her own behalf.

Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997) (citing Tabron, supra, 6 F.3d at 155-56, 157 n.5).  Additionally, the court must consider other factors, including "the ever-growing number of prisoner civil rights actions filed each year in the federal courts . . . and the limited supply of competent lawyers who are willing to undertake such representation without compensation."  Christy v. Robinson, 216 F. Supp. 2d 398, 408 n.20 (D.N.J. 2002) (citing Tabron, supra, 6 F.3d at 157-58) (internal quotations omitted).

      For the purposes of these applications only, the Court assumes that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim.  The Court finds that given Plaintiff's incarceration and her shown inability to serve certain Defendants, as well as the fact that substantial time has passed and the medical records at issue have not been produced, despite a Court Order requiring the production, this Court finds that Plaintiff requires assistance with

service of the Complaint and the factual investigation of her claims, particularly with regard to gaining access to her medical records from Defendants. The Court, however, is also aware of the above-referenced burden that appointment of pro bono counsel places on counsel, and therefore limits this appointment as set forth below; without prejudice to Plaintiff's right to make further application for counsel or for the Court to appoint pro bono counsel <u>sua sponte</u> in the future, should further need arise; and for good cause shown,

**IT IS** on this **31st** day of **March, 2010**,

**ORDERED** that the Court appoints pro bono counsel to represent Plaintiff for the sole and limited purpose of representing and advising Plaintiff with regard to serving the remaining Defendants and gaining access to her medical records; the appointment of pro bono counsel pursuant to this Order is NOT for purposes of further litigating the present action or any other future action, and will cease upon Court order; and it is further

**ORDERED** that James Walsh, Esq., of Morgan, Lewis & Bockius LLP is hereby assigned to represent Plaintiff with regard to obtaining copies of her medical records and serving the remaining Defendants as defined and limited in the preceding paragraph; and it is further

**ORDERED** that James Walsh, Esq., file a notice of appearance in this matter.

**LOIS H. GOODMAN**
**United States Magistrate Judge**